KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (SBN 111536)
GIA L. CINCONE (SBN 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email:  ggilchrist@kilpatricktownsend.com, gcincone@kilpatricktownsend.com

Attorneys for Plaintiff
THE BURT'S BEES PRODUCTS COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURT'S BEES PRODUCTS COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>BOBBIE BEE LLC,<br><br>                    Defendant. | Case No. 3:14-cv-4903<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION (INJUNCTIVE RELIEF SOUGHT)** |

Plaintiff The Burt's Bees Products Company ("Burt's Bees") complains against defendant Bobbie Bee LLC  ("Bobbie Bee") as follows:

**NATURE OF THE CASE**

1.      Burt's Bees began in Maine in the 1980's, selling honey and lip balm.  From its small beginnings, Burt's Bees has grown into a global company which manufactures and sells a variety of natural personal care products, including soaps, lotions, sunscreen, and hair care products in addition to flavored lip balms.  Burt's Bees prides itself on using ingredients that are simple, natural, and responsible.  Burt's Bees registered its name as a trademark in 1998, and has protected its rights in its mark ever since.

2.      The defendant in this case, Bobbie Bee LLC, is marketing and selling a line of self-described "natural skin care" products under the brand name BOBBIE BEE, including soaps, lotions, and flavored lip balms.  The BOBBIE BEE mark is similar to the famous BURT'S BEES® trademark

1  and is used on directly competing products; it is therefore likely to cause confusion among consumers
2  and dilute the distinctiveness of the BURT'S BEES® mark.  By this complaint, Burt's Bees seeks
3  injunctive relief to stop this infringing use.

4  ## PARTIES, JURISDICTION, AND VENUE

5  3.   The Burt's Bees Products Company is a Delaware corporation with its headquarters at
6  1221 Broadway, Oakland, California 94612.  The Burt's Bees Products Company is the owner of the
7  BURT'S BEES trademark, which is federally registered.

8  4.   Burt's Bees is informed and believes that defendant Bobbie Bee LLC is a Michigan
9  limited liability company with its place of business at 3700 Collins, Oakland Township, Michigan
10  48363.

11  5.   Burt's Bees' first, second, and third claims arise under the Trademark Act of 1946 (the
12  Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et*
13  *seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)
14  (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121
15  (Lanham Act).  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §
16  1367.

17  6.   This Court has personal jurisdiction over Bobbie Bee because Bobbie Bee has
18  purposefully availed itself of the privilege of doing business in this district.  Burt's Bees is informed
19  and believes that Bobbie Bee owns and operates a website which is an interactive website and e-
20  commerce site that is accessible by and makes sales to Internet users throughout the country and in
21  this State and district.  The infringing products that Bobbie Bee advertises and offers, and makes
22  available to purchasers through its website, are available to California consumers who, with a few
23  clicks of the mouse, can view and order those products and have them shipped directly to California.
24  Burt's Bees is informed and believes that Bobbie Bee has purposefully availed itself of this
25  jurisdiction by advertising to and seeking customers in California.

26  7.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because, on information and
27  belief, Bobbie Bee transacts business in this district and a substantial part of the events giving rise to
28  the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The History of Burt's Bees

8.      The Burt's Bees business was started in Maine by Ingram "Burt" Shavitz.  Burt moved from Manhattan to Maine in the 1970's, and began keeping bees and selling honey out of his truck by the side of the road.  Burt met the co-founder of the Burt's Bees company, an artist named Roxanne Quimby, in 1984, and together they began collaborating on making and selling products based on old beekeeping recipes.  Their founding belief was that "natural products work *with* your body for the best results."

9.      Burt and Ms. Quimby started out selling their products in small local venues, and through their hard work promoting their products, business quickly grew.  Initially they sold through local markets and craft fairs, and were quickly recognized for their attention to detail in producing high quality products.  They made $20,000 in revenue in their first year.  The first Burt's Bees headquarters was an abandoned one-room schoolhouse, rented from a friend for $150 a year.

10.      In 1989, a boutique in New York ordered hundreds of candles from Burt's Bees, leading to the hiring of an additional 40 employees.  The company moved its headquarters to an abandoned bowling alley.

11.      In 1991, Burt and Roxanne began making lip balm from an old recipe found in a 19th century farmer's journal.  Burt's Bees lip balm quickly became the company's best selling product, as it remains today.  Burt's Bees first introduced flavored lip balm in 1992, and now markets 12 flavors including the original peppermint.  The company also makes and sells various lip color products, including its wildly popular lip shimmers.

12.      In 1994, Burt's Bees relocated to Durham, North Carolina.  By this time, the company offered more than 50 products, with some being distributed as far away as Japan.  Soon after, the company launched an e-commerce website in order to be able to distribute its products on a larger nationwide scale.  In 1998, Burt's Bees began expanding into other personal care products.  That year, its new travel-sized natural skin care and hair care products became instant bestsellers.  Burt's Bees' product line now includes a wide variety of such products, including soaps, cleansers, hand lotions, body lotions, balms, oils, sunscreen, and body wash.

13.     Since 1998, Burt's Bees products have been distributed nationwide in more than 5,000 outlets, including grocery stores, drug stores, and beauty supply stores.  Since at least 2009, Burt's Bees products have been winning national recognition as "best of" beauty products in evaluations by national magazines such as Allure, Ebony, Seventeen, Shape, Self, Martha Stewart Living, Ladies Home Journal, and The Oprah Magazine.  Burt's Bees' Lemon Butter Cuticle Cream, introduced in 1998 as its first personal care product, has won 30 awards, including four "Best of Beauty" awards from Allure magazine.

14.     In 2007, Burt's Bees was acquired by The Clorox Company, located in Oakland, California.  The BURT'S BEES® trademark is now owned by The Burt's Bees Products Company, which is also located in Oakland and is a wholly owned subsidiary of Clorox.

15.     From its beginnings, Burt's Bees has stayed true to a very simple idea: what you put on your body should be made from the best nature has to offer.  On average, Burt's Bees products are 99% natural; over half are 100% natural.  The ingredients in Burt's Bees products include willow bark, sage, chamomile, aloe, and pomegranate.

16.     In keeping with its belief in natural ingredients and environmental responsibility, Burt's Bees has committed itself to a philosophy and business model it calls "The Greater Good." Among other initiatives, the company encourages community outreach among its employees, and partners with a number of organizations dedicated to causes including land conservancy, education for at-risk children in the Durham area, healthy food initiatives, and sustainable development.  Burt's Bees created the Burt's Bees Greater Good Foundation in 2007 to support these and other initiatives.

**The BURT'S BEES® Trademark**

17.     Burt's Bees' predecessors first registered the trademarked name in 1998.  Burt's Bees currently owns the following U.S. trademark registrations for its BURT'S BEES® trademark:

| Trademark | Reg. No. / Date | Goods | Date of First Use |
|-----------|-----------------|-------|-------------------|
| **BURT'S BEES** | 2,171,302 7/7/1998 | Cosmetics and skin care products, namely, cremes, oils, soaps, moisturizers, lotions, lip balms and glosses, shaving lotions, shaving balms, and colognes. | 3/28/1988 |
| **BURT'S BEES** | 3,356,042 10/2/2007 | Online retail store services featuring cosmetics, skin care products, hair | 12/12/1998 |

| | | care products, perfumery and toiletry products. | |
|---|---|---|---|
| **BURT'S BEES NATURAL ACNE SOLUTION** | 3,855,940 10/5/2010 | Skin lotions | 6/5/2009 |
| **BURT'S BEES** | 3,971,409 5/31/2011 | Toothpaste | 12/5/2009 |
| **BURT'S BEES** | 4,082,624 1/10/2012 | Medicated skin care preparations | 12/31/2006 |
|  | 4,215,321 9/25/2012 | Body lotions; Body wash; Hair shampoos and conditioners; Hand creams; Hand soaps; Non-medicated skin care preparation, namely, body mist; Perfume; Shower gel | 11/16/2011 |
|  | 4,215,332 9/25/2012 | Body lotions; Body wash; Hair shampoos and conditioners; Hand creams; Hand soaps; Non-medicated skin care preparation, namely, body mist; Perfume; Shower gels | 12/31/2011 |
|  | 4,273,260 Jan. 8, 2013 | Cosmetics and skin care products, namely, creams, oils, soaps, moisturizers, lotions, lip balms and glosses, shaving lotions, shaving balms, and colognes. | 5/23/2011 |
| **A BIT OF BURT'S BEES** | 4,506,461 4/1/2014 | Lip balms, hand salve, cuticle cream | 8/31/2013 |
| **BURT'S BEES** | 4,489,667 2/25/2014 | Home dental care products for dogs and cats, namely, non-medicated dental spray; Home dental care products for dogs and cats, namely, toothpaste; Pet shampoo | 3/31/2013 |
|  | 4,581,391 8/5/2014 | Wipes impregnated with a skin cleanser | 12/31/2013 |
| **BURT'S BEES BABY** | 4,492,651 3/4/2014 | Children's towels; Wash cloths | 7/31/2012 |

These registrations for the BURT'S BEES® trademark are in full force and effect; Registration Nos. 2,171,302, 3,356,042, and 3,855,940 have become incontestable under 15 U.S.C. § 1065.  Burt's Bees also owns a number of pending applications for the BURT'S BEES® mark.

18.     The BURT'S BEES® trademark is distinctive, arbitrary and fanciful, and is entitled to the broadest scope of protection.  The BURT'S BEES® trademark is registered for and used on many personal care products that have nothing to do with bees or beeswax, and is distinctive, arbitrary and fanciful, and entitled to broad protection for use on all of its products.

1       19.     For many years prior to the events giving rise to this Complaint and continuing to the

2   present, Burt's Bees annually has spent great amounts of time, money, and effort advertising and

3   promoting the personal care products on which its BURT'S BEES® trademark is used.

4       20.     Since 1999, Burt's Bees has sold its BURT'S BEES® brand products all over the

5   world, including throughout the United States and in California; these products are available in

6   thousands of retail outlets and through many websites.  Through its investment in its brand and

7   extensive sales, Burt's Bees has created considerable goodwill.  As a result of Burt's Bees's

8   substantial and longstanding use of the mark, the BURT'S BEES® trademark is famous, enjoys strong

9   consumer recognition, and is recognized around the world and throughout the United States by

10  consumers as signifying high quality personal care products made from natural ingredients.

11  **Bobbie Bee's Infringement of Burt's Bees' Trademark Rights**

12      21.     Burt's Bees is informed and believes that Bobbie Bee has in the past and continues to

13  market and sell a line of personal care products under the brand name BOBBIE BEE that is described

14  as "all natural."  Bobbie Bee sells its products through its website, www.bobbiebee.com, as well as

15  other channels, and purports to offer "the cleanest skin care Mother Nature could provide."  Bobbie

16  Bee's line of natural personal care products includes lip moisturizer in 12 flavors, in addition to soaps,

17  lotions, and facial products.  Burt's Bees is informed and believes that Bobbie Bee has manufactured,

18  marketed and sold substantial quantities of products bearing the BOBBIE BEE brand name and

19  trademark.

20      22.     Bobbie Bee has filed United States Trademark Application Serial No. 86/177,911 with

21  the U.S. Patent and Trademark Office, seeking to register a stylized trademark that contains the words

22  BOBBIE BEE and NATURAL SKINCARE.  Bobbie Bee seeks to register the BOBBIE BEE

23  trademark for use on beauty gels, body lotion, body scrub, cosmetics, soaps, and lip moisturizers.

24      23.     Bobbie Bee's directly competing products are sold under a purported trademark that

25  includes a given name paired with BEE, just like the distinctive BURT'S BEES® trademark.  Thus,

26  Bobbie Bee's use of its mark has caused or will cause a likelihood of confusion among consumers

27  regarding the source of BOBBIE BEE products and whether Burt's Bees has sponsored, authorized, or

28  is somehow affiliated with Bobbie Bee.

24.     Because of its concern over possible confusion with its BURT'S BEES® trademark, Burt's Bees sent a letter to the owner of Bobbie Bee on July 21, 2014, asking that Bobbie Bee withdraw its trademark application and phase out its use of BOBBIE BEE in connection with personal care products.  The letter from Burt's Bees' in-house attorney offered to discuss an amicable resolution by phone and offered that he would be "happy to more fully explain our position, if needed."

25.     Bobbie Bee's counsel responded to Burt's Bees' letter on August 4, denying that the BURT'S BEES® and BOBBIE BEE marks were similar and rejecting Burt's Bees' demands.  Bobbie Bee's attorney and Burt's Bees' attorney subsequently discussed the matter by phone and Burt's Bees' attorney followed up with a letter on September 18.  The letter noted, "Thanks again for taking the time to discuss this matter with me.  I hope it was helpful to hear more about the BURT'S BEES® brand and business, as I know it was helpful for me to learn more about your client and her business. We remain hopeful that the parties can reach an amicable resolution."  However, Burt's Bees' attorney further noted that Bobbie Bee had rejected Burt's Bees' request to stop use of the infringing BOBBIE BEE mark, and had also refused Burt's Bees' offer of a business-to-business conversation to discuss possible resolutions.  The response from Bobbie Bee's counsel, dated September 19, again rejected Burt's Bees' position and rejected the suggestion that a representative from Burt's Bees speak directly with the owner of Bobbie Bee.

26.     Given the failure of its attempts to reach an amicable resolution of the dispute, Burt's Bees filed an opposition to Bobbie Bee's trademark application.  In response, Bobbie Bee filed a counterclaim to cancel one of Burt's Bees' registrations for its BURT'S BEES® trademark.  Given its concern over the ongoing infringement and dilution of its mark, Burt's Bees filed the instant complaint.

27.     Bobbie Bee's actions have caused and will cause Burt's Bees irreparable harm for which money damages and other remedies are inadequate.  Unless Bobbie Bee is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to Burt's Bees by, among other things:

a.      Depriving Burt's Bees of its statutory rights to use and control use of its

1    BURT'S BEES® trademark;

2             b.      Creating a likelihood of confusion, mistake and deception among consumers

3    and the trade as to the source of the infringing products;

4             c.      Causing the public falsely to associate Burt's Bees with Bobbie Bee and/or its

5    products, or vice versa; and

6             d.      Causing incalculable and irreparable damage to Burt's Bees' goodwill and

7    diluting the capacity of its famous BURT'S BEES® trademark to differentiate its products from those

8    of its competitors.

9        28.     Accordingly, Burt's Bees is entitled to injunctive relief against Bobbie Bee and all

10   persons acting in concert with it.

11                            **FIRST CLAIM**
                 **FEDERAL TRADEMARK INFRINGEMENT**
12                          **(15 U.S.C. §§ 1114-1117)**

13       29.     Burt's Bees realleges and incorporates by reference each of the allegations contained in

14   paragraphs 1 through 28 of this Complaint.

15       30.     Bobbie Bee has used, in connection with the sale, offering for sale, distribution or

16   advertising of its BOBBIE BEE products, words and symbols that infringe upon Burt's Bees'

17   registered BURT'S BEES® trademark.

18       31.     These acts of trademark infringement have been committed with the intent to cause

19   confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

20       32.     Burt's Bees is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

21                           **SECOND CLAIM**
                  **FEDERAL UNFAIR COMPETITION**
22          **(False Designation of Origin and False Description)**
23                        **(15 U.S.C. § 1125(a))**

24       33.     Burt's Bees realleges and incorporates by reference each of the allegations contained in

25   paragraphs 1 through 32 of this Complaint.

26       34.     Bobbie Bee's conduct as alleged in this Complaint constitutes the use of symbols or

27   devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. §

28   1125(a)(1).  Bobbie Bee's conduct is likely to cause confusion, mistake, or deception by or in the

public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of Burt's Bees and in violation of 15 U.S.C. § 1125(a)(1).

35.     Burt's Bees is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARK
### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

36.     Burt's Bees realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.     Burt's Bees' BURT'S BEES® trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to Bobbie Bee's conduct as alleged in this Complaint.

38.     Bobbie Bee's conduct is likely to cause dilution of Burt's Bees' BURT'S BEES® trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

39.     Burt's Bees is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

## FOURTH CLAIM
## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION
### (Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)

40.     Burt's Bees realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 39 of this Complaint.

41.     Bobbie Bee's infringement of Burt's Bees BURT'S BEES® trademark is likely to cause consumer confusion and dilution of Burt's Bees' mark in violation of California Business & Professions Code Sections 14245 and 14247.

42.     Bobbie Bee infringed and diluted Burt's Bees BURT'S BEES® trademark with knowledge and intent to cause confusion, mistake or deception.

43.     Pursuant to California Business & Professions Code §§ 14247 and 14250, Burt's Bees is entitled to injunctive relief.

1

2

**FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

3       44.     Burt's Bees realleges and incorporates by reference each of the allegations contained in

4   paragraphs 1 through 43 of this Complaint.

5       45.     Bobbie Bee's conduct as alleged in this Complaint constitutes "unlawful, unfair or

6   fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

7   the meaning of California Business & Professions Code Section 17200.

8       46.     As a consequence of Bobbie Bee's actions, Burt's Bees is entitled to injunctive relief

9   preventing the conduct alleged in this Complaint.

10                              **PRAYER FOR JUDGMENT**

11      WHEREFORE, Burt's Bees prays that this Court grant it the following relief:

12      47.     Adjudge that Burt's Bees' trademark has been infringed by Bobbie Bee in violation of

13  Burt's Bees' rights under 15 U.S.C. § 1114, common law, and/or California law;

14      48.     Adjudge that Bobbie Bee has competed unfairly with Burt's Bees in violation of Burt's

15  Bees' rights under 15 U.S.C. § 1125(a), common law, and/or California law;

16      49.     Adjudge that Bobbie Bee's activities are likely to dilute Burt's Bees' famous BURT'S

17  BEES® trademark in violation of Burt's Bees' rights under 15 U.S.C. § 1125(c);

18      50.     Adjudge that Bobbie Bee and its agents, employees, attorneys, successors, assigns,

19  affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

20  person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the

21  pendency of this action and thereafter permanently from:

22              a.      Manufacturing, producing, sourcing, importing, selling, offering for sale,

23  distributing, advertising, or promoting any goods that display any words or symbols that so resemble

24  Burt's Bees' BURT'S BEES® trademark as to be likely to cause confusion, mistake or deception, on

25  or in connection with any product that is not authorized by or for Burt's Bees, including without

26  limitation any product that bears the BOBBIE BEE brand name or any other approximation of Burt's

27  Bees' trademark;

28              b.      Using any word, term, name, symbol, device or combination thereof that causes

1   or is likely to cause confusion, mistake or deception as to the affiliation or association of Bobbie Bee

2   or its products with Burt's Bees or as to the origin of Bobbie Bee's goods, or any false designation of

3   origin, false or misleading description or representation of fact, or any false or misleading advertising;

4                  c.          Further infringing the rights of Burt's Bees in and to its BURT'S BEES®

5   trademark, or otherwise damaging Burt's Bees' goodwill or business reputation;

6                  d.          Further diluting the famous BURT'S BEES® trademark;

7                  e.          Otherwise competing unfairly with Burt's Bees in any manner; and

8                  f.          Continuing to perform in any manner whatsoever any of the other acts

9   complained of in this Complaint;

10         51.      Adjudge that Bobbie Bee be required immediately to supply Burt' Bees's counsel with

11   a complete list of individuals and entities to whom or which it sold, offered for sale, distributed,

12   advertised or promoted, infringing products as alleged in this Complaint;

13         52.      Adjudge that Bobbie Bee be required immediately to deliver to Burt's Bees' counsel its

14   entire inventory of infringing products, including without limitation packaging, labeling, advertising

15   and promotional material and all files, plates, patterns, molds, matrices and other material for

16   producing or printing such items, that are in its possession or subject to its control and that infringe

17   Burt's Bees' trademark as alleged in this Complaint;

18         53.      Adjudge that Bobbie Bee, within thirty (30) days after service of the Court's judgment

19   be required to file with this Court and serve upon Burt's Bees' counsel a written report under oath

20   setting forth in detail the manner in which it has complied with the judgment;

21         54.      Adjudge that Burt's Bees be awarded its costs and disbursements incurred in

22   connection with this action, including Burt's Bees' reasonable attorneys' fees and investigative

23   expenses; and

24         55.      Adjudge that all such other relief be awarded to Burt's Bees as this Court deems just

25   and proper.

26

27

28

1    DATED: November 4, 2014          Respectfully submitted,

2

3                                        By:   /s/ Gia L. Cincone
                                               Gia Cincone
4                                              KILPATRICK TOWNSEND & STOCKTON LLP
                                               Two Embarcadero Center, Eighth Floor
5                                              San Francisco, California  94111
                                               Telephone: (415) 576-0200
6                                              Facsimile: (415) 576-0300

7                                              Attorneys for Plaintiff
                                               THE BURT'S BEES PRODUCTS COMPANY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28